DAN RAYFIELD
Attorney General
MATTHEW MAILE #181761
Senior Assistant Attorney General
JESSICA B. SPOONER #105919
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: matthew.maile@doj.oregon.gov
       jessica.b.spooner@doj.oregon.gov

Attorney for State Defendants Barkell, Belleque, Berringer,
Bruns, Darling, Doran, Ellgen, Gower, Imhoff, Kerr, Kilgore, Meyer,
Myers, Persson, Peters, Plummer, Ross, Sage, Simmons, State of Oregon,
Steward, Wells, Wilson, and Yanez

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MERCEDES CRABTREE, | Case No. 2:20-cv-01291-AR |
| Plaintiff, | NOTICE OF SETTLEMENT |
| v. | |
| COLETTE PETERS, Oregon Department of Corrections (ODOC); BRIAN BELLEQUE, ODOC Deputy Director (past); HEIDI STEWARD, ODOC Deputy Director (current); PAULA MYERS, Superintendent Coffee Creek Correctional Facility (CCCF); MICHAEL GOWER, ODOC Assistant Director of Operations; ROB PERSSON, ODOC Westside Institutions Administrator; ERICKA SAGE, ODOC PREA Coordinator; DAWNELL MEYER, ODOC Behavioral Health Services Administrator; RICHARD STEPHEN ALBERTS, JR., ODOC Correctional Officer; JASON BATTIN, ODOC Correctional Officer; ROMERO | |

Page 1 -   NOTICE OF SETTLEMENT
        M5M/lnt/34810724

YANEZ, ODOC Correctional Officer; SHERRI KILGORE, ODOC Correctional Officer; ANTHONY ROSS, ODOC Correctional Officer; JACK ROWLETT, ODOC Correctional Officer; TANYA SIMMONS, ODOC Correctional Officer; JENNIFER ELGIN, ODOC/CCCF counselor; T. PLUMBER, ODOC SUI Investigator; ALEX DORAN, ODOC Correctional Officer; JASON WILSON, ODOC Correctional Officer; EDGAR MICKELS, ODOC Correctional Officer; JASON WELLS, ODOC Correctional Officer; SHERYL KERR, ODOC Correctional Officer; ALANA BRUNS, ODOC Correctional Officer; CLARK BARKELL, ODOC Correctional Officer; JAMIE BERRINGER, ODOC correctional officer; MARTIN IMHOFF, ODOC Correctional Officer; JOHN/JANE DOE, ODOC/ SIU Investigators; JOHN/JANE DOE, ODOC/CCCF Correctional Officers; JOHN /JANE DOE, Security Staff; JOHN / JANE DOE, ODOC Medical Staff; and the STATE OF OREGON, each sued in their individual and official capacities,

Defendants.

Pursuant to ORS 17.095, the State notifies the court that this action has been settled pursuant to the terms of a Settlement Agreement and Release, a copy of which is attached as Exhibit 1.

//

Page 2 -    NOTICE OF SETTLEMENT
M5M/lnt/34810724

DATED June   16  , 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General


_s/ Matthew A. Maile_
MATTHEW A. MAILE #181761
Senior Assistant Attorney General
JESSICA B. SPOONER #105919
Senior Assistant Attorney General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
matthew.maile@doj.oregon.gov
jessica.b.spooner@doj.oregon.gov
Of Attorneys for Defendants


Page 3 -    NOTICE OF SETTLEMENT
M5M/lnt/34810724

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This action is currently pending in U.S. District Court Case Number 2:20-cv-01291-AR ("Action"). The parties to this Action are **Plaintiff** Mercedes Crabtree, represented by Ginger Mooney; **State Defendants** Paula Myers, Jason Wilson, Brian Belleque, Heidi Steward, Colette Peters, Clark Barkell, Ericka Sage, Ramiro Yanez, Martin Imhoff, Jamie Berringer, Jennifer Ellgen, Rob Persson, Michael Gower, Teresa Plummer, Alex Doran, Dawnell Meyer, Alana Bruns, Anthony Ross Sherri Kilgore, Jennifer Darling, Tanya Simmons, Jason Wells, Sheryl Kerr, and State of Oregon, represented by Matthew A. Maile; **Defendant** Jason Battin, represented by Elayna Matthews, and **Pro Se Defendants** Richard Alberts and Edgar Mickels (collectively "Parties"). The Parties have agreed to settle this Action for the consideration set forth in this Settlement Agreement and Release of Claims ("Agreement").

The terms of this Agreement are as follows:

**Settlement Payment:** As consideration for Plaintiff's Release of Claims, and on behalf of the Released Parties described below, the State of Oregon, by and through the Oregon Department of Administrative Services/Risk Management ("Risk Management"), shall pay plaintiff the sum of TWO HUNDRED FIVE THOUSAND FIVE HUNDRED FOURTY DOLLARS AND TEN CENTS $205,540.10 ("settlement payment") made payable to Ginger Mooney LLC IOLTA.

The settlement payment shall be made within 30 days of the effective date of this Agreement. The effective date of this Agreement is the date on which it is fully executed. An IRS Form 1099 will be issued for the 2026 calendar year.

**Plaintiff's Release of Claims:** In consideration for the above settlement payment, plaintiff, individually and on behalf of any heirs, executors, administrators, successors, agents, and assigns agrees to release, acquit, and forever discharge State Defendants, Jason Battin, Richard Alberts, Edgar Mickels and all those in interest with them including the State of Oregon

Page 1 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

and all of its political subdivisions, agencies, departments, administrators, officers, current and former employees, agents, attorneys, and insurers (collectively "Released Parties"), from any and all claims, demands, or causes of action, whether known or unknown, under any legal, equitable, or other theory, that were or could have been raised in this Action or exist or may exist against the Released Parties through the Effective Date of this Agreement.

The release, acquittal, and discharge described above ("Release") includes any claims against the Released Parties - including the Oregon Department of Justice and Risk Management - arising from the negotiation or execution of this Agreement. This Release also includes any damages (including past and future medical and mental health expenses, lost wages, impairment of earnings, emotional distress, pain and suffering, punitive damages, and any other compensatory, economic, noneconomic, nominal, or other forms of damage) and equitable relief (including injunctions or declaratory judgments), whether known or unknown, or which may develop after the effective date of this Agreement, and including any and all expenses (attorney fees, costs, and disbursements).

**Newly-Discovered Evidence:** The Parties agree that if, after the Effective Date of this Agreement, they discover evidence different from or in addition to the evidence which they now know of or possess, this Agreement remains in full force and effect.

**Each Party is Responsible for Own Attorney Fees and Costs:** The Parties acknowledge and agree that they are solely responsible for paying any attorney fees and costs they incurred and that neither the Parties nor their attorneys will seek any award of attorney fees or costs from the other Party.

**Plaintiff is Responsible for all Subrogation and Liens:** Plaintiff acknowledges that all subrogation and lien claims arising out of contract or under state or federal law-including, but not limited to, subrogation or lien claims of or related to health care providers, insurance carriers (including personal injury protection or "PIP"), workers' compensation carriers, attorneys, and any federal or state agency or programs such as Medicare, Medicaid, or Social Security-are the

Page 2 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Document3/M5M/dd2

sole and separate obligation of plaintiff which plaintiff agrees to pay or otherwise resolve. Plaintiff will defend, indemnify and hold harmless the Released Parties from and against all such lien and subrogation claims brought against the Released Parties.

**Medicare Disclaimer and Waiver:** By signing below, plaintiff declares under penalty of perjury that: (1) plaintiff is not currently entitled to Medicare; and (2) none of the treatment received for the injury or injuries claimed in this Action (or related to the incident giving rise to this Action) or released in this Agreement were submitted to or paid for by Medicare. Plaintiff waives, releases, and forever discharges Released Parties from any obligations for any claim or future claim, known or unknown, arising out of the failure of Released Parties to provide for a primary payment or appropriate reimbursement to Medicare pursuant to 42 U.S.C. § 1395y(b)(3)(A), and plaintiff shall defend, indemnify and hold harmless the Released Parties for any claims arising out of arising out of 42 U.S.C. § 1395y(b). Plaintiff further understands this settlement may impact, limit or preclude plaintiff's right or ability to receive future Medicare benefits arising out of the injuries alleged in this lawsuit.

**No Tax Representations:** No party warrants or represents how the United States Internal Revenue Service ("IRS"), the Oregon Department of Revenue, or other governmental authority will treat the settlement payment for tax purposes, and agree that no further payment of money from Released Parties will be due in the event that the payments or the release of the claims embodied in this Agreement or any portion thereof is found by the IRS, the Oregon Department of Revenue, or other governmental authority to be, or result in, taxable income to any party. **The Released Parties, as part of their reporting requirements, may have to communicate with the IRS, including submitting IRS form 1099. The Released Parties reserve the right to respond to inquiries by said authorities and to make any additional disclosures requested by the governmental authority or as required by law. Plaintiff is solely responsible for the tax consequences of settlement payment, and plaintiff agrees not to hold the Released Parties responsible for taxes due.**

Page 3 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Document3/M5M/dd2

**Entire Agreement:** This Agreement contains and constitutes the entire agreement and understanding of the Parties, notwithstanding any and all prior negotiations, discussions, undertakings or agreements made in arriving at this Agreement. There are no representations, agreements, or inducements between the Parties except as set forth expressly and specifically in this Agreement.

**No Admission of Fault or Future Precedent:** The Parties agree that this Agreement is not to be construed as an admission or proof of any liability or fault whatsoever on the part of the Released Parties. This Agreement does not establish a precedent in the settlement of any current or future grievance, claim of unfair labor practice, or other dispute among the Parties, and shall not be admissible as evidence in any future arbitration, administrative or court proceeding except in a proceeding brought to enforce the terms of this Agreement. In the event plaintiff pursues a claim waived or released pursuant to this Agreement, the Released Parties may plead this Agreement as an absolute defense.

**No Waiver:** The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement or a course of dealing between the Parties, shall not be a waiver of such terms or conditions or of such Party's right to enforce each and every term and condition of this Agreement.

**Invalidity:** This Agreement does not waive any right that may not legally be waived. If any provision contained in this Agreement shall for any reason be held to be invalid, illegal, void, or unenforceable in any respect, such provision shall be deemed modified so as to constitute a provision conforming as nearly as possible to such invalid, illegal, void, or unenforceable provision while still remaining valid and enforceable, and the remaining terms or provisions of this Agreement shall not be affected.

**Binding Agreement and Ownership of Claims:** This Agreement shall be binding upon the Parties, and their heirs, representatives, executors, administrators, successors in interest, insurers and assigns. The Parties acknowledge that they have not transferred or assigned, or

Page 4 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Document3/M5M/dd2

purported to transfer or assign, to any person or entity, any claim, or any portion of interest of any claim, that was or could have been raised in this Action.

**Acknowledgment of the Terms of the Agreement:** By the signatures below, the Parties acknowledge that they have read and know the contents of this Agreement, that they fully understand the Agreement's terms, and that they enter the Agreement voluntarily for the purpose of making a full compromise and settlement. Each of the Parties further represents it has consulted or has had the opportunity to consult with legal counsel of its choice concerning the legal effect of this Agreement before signing it, and that each party executes this Agreement voluntarily. Further, the persons executing and delivering the Agreement represent and warrant that they are fully authorized to do so, and that the execution of delivery of the Agreement is lawful and voluntary.

**Judgment of Dismissal with Prejudice:** The Parties agree to a dismissal of the pending Action with prejudice, without costs or fees to either party. Counsel for Plaintiff shall file a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Additionally, counsel for the defendant[s] shall file a Notice of Settlement with a copy of this Agreement attached pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). The Parties agree to execute these documents and any further documents and take any further actions, as may be reasonable and necessary, in order to carry out the purpose and intent of this Agreement.

**Waiver of Rule of Construction Against Drafter:** This Agreement was jointly drafted and approved by all Parties to this Agreement. Any rule that would otherwise require any ambiguities in this Agreement to be interpreted against the drafter(s) is hereby expressly waived.

**Counterparts:** This Agreement may be executed in counterparts, including counterparts received by facsimile or electronic transmission, with each counterpart constituting an original. The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

Page 5 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Document3/M5M/dd2

Exhibit 1, Page 5 of 6

**IT IS SO AGREED TO BY THE PARTIES:**

DATED this 10ᵗʰ day of June, 2026.

**MERCEDES CRABTREE**
Plaintiff

Subscribed and sworn to before me this 10ᵗʰ day of June, 2026, in the State of

Oregon, County of Washington.

OFFICIAL STAMP
**ALAYNA FRENTRESS**
NOTARY PUBLIC-OREGON
COMMISSION NO. 1052585
MY COMMISSION EXPIRES OCTOBER 08, 2028

Notary Public for Oregon
My commission expires: 10-08-2028

DATED this 12th day of June, 2026.

**RYAN DWYER**
Oregon Department of Corrections

**APPROVED AS TO FORM:**

DATED this 8ᵗʰ day of June, 2026.

**GINGER MOONEY, OSB #031261**
Attorney for Plaintiff

DATED this 12ᵗʰ day of June, 2026.

**MATTHEW A. MAILE, OSB #181761**
Senior Assistant Attorney General
Attorney for Defendant State of Oregon

DATED this 12ᵗʰ day of June, 2026.

**ELAYNA MATTHEWS, OSB #154538**
Attorney for Defendant Jason Battin

Page 6 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Document3/M5M/dd2

## CERTIFICATE OF SERVICE

I certify that on June ___16___, 2026, I served the foregoing NOTICE OF SETTLEMENT

upon the parties hereto by the method indicated below, and addressed to the following:

Ginger G. Mooney                              ___ HAND DELIVERY
Ginger G. Mooney, LLC                         ___ MAIL DELIVERY
1017 May St, Ste 200                          ___ OVERNIGHT MAIL
Hood River, OR 97031                          ___ E-MAIL:  contact@mooneylaw.org;
    *Attorney for Plaintiff*                        kate.hoffman@mooneylaw.org;
                                                       mooney.gg@gmail.com
                                              _X_ E-SERVE

Richard Stephen Alberts                       _X_ MAIL DELIVERY
16675 SW Daffodil Street                      ___ OVERNIGHT MAIL
Sherwood, OR 97140
    *Pro se Defendant*

Edgar Paul Mickles                            _X_ MAIL DELIVERY
408 High Street                               ___ OVERNIGHT MAIL
Oregon City, OR 97045                         ___ E-MAIL
    *Pro se Defendant*                              ___ E-SERVE

Andrew D. Campbell                            ___ HAND DELIVERY
Elayna Matthews                               ___ MAIL DELIVERY
Heltzel Williams PC                           ___ OVERNIGHT MAIL
117 Commercial Street NE, Suite 400           ___ E-MAIL:  andrew@heltzel.com
PO Box 1048                                             MMartz@Heltzel.com
Salem OR  97308                                         jgengler@Heltzel.com
    *Attorneys for Defendant Jason Battin*              Elayna@Heltzel.com
                                              _X_ E-SERVE


    ___*s/ Matthew A. Maile*_____
MATTHEW A. MAILE #181761
Senior Assistant Attorney General
JESSICA B. SPOONER #105919
Senior Assistant Attorney General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
matthew.maile@doj.oregon.gov
jessica.b.spooner@doj.oregon.gov
Of Attorneys for Defendants

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791